UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                         CASE NO.:   8:03-cr-448-T-23EAJ

ROBERT LEE REYNOLDS
_____/

**ORDER**

Reynolds submits a "Petition of Error Coram Nobis to Vacate Judgment on Basis of Constitutional Violations of Due Process of Law and Factual Error" and invokes the jurisdiction of this court "pursuant to Title 28 United States Code, Section 1651(a)" and "Rule 60 of the Federal Rules of Civil Procedure." (Doc. 348)  However, neither audita querela, nor coram nobis, nor Rule 60(b) is available after an earlier and unsuccessful motion under 22 U.S.C. § 2255 to obtain an additional review of objections cognizable under 28 U.S.C. § 2255.  United States v. Holt, 417 F.3d 1172 (11th Cir. 2005).  See also Gonzalez v. Secretary for Dept. of Corrections, 366 F.3d 1253 (11th Cir. 2004), aff'd, 545 U.S. 525 (2005); United States v. Arevalo, 2010 WL 935648 (11th Cir. 2010); United States v. Davis, 352 Fed. Appx. 314 (11th Cir. 2009); Morales v. Fla. Dept. Corr., 346 Fed. Appx. 539 (11th Cir. 2009).

Reynolds was convicted of conspiracy to distribute cocaine, for which offense he was sentenced to one hundred twenty-one (121) months of imprisonment.  (Doc. 246) The conviction and sentence were affirmed on direct appeal (Doc. 293).  Reynolds filed a motion to vacate pursuant to 28 U.S.C. § 2255 alleging (a) that he was indicted for conspiracy to distribute five kilograms or more of cocaine but the jury found him guilty of

conspiracy to distribute only five hundred grams or more of cocaine and (b) that the sentence enhancement (based on obstruction of justice and possession of a firearm in connection with a drug offense) was invalid because the enhancements were not alleged in the indictment. (Doc. 333, 334) The motion to vacate was denied on the merits (Doc. 335), and no appeal followed.

Reynolds again seeks to attack the validity of his conviction and sentence by iterating his arguments from the earlier Section 2255 motion, although re-casting the arguments in the language of both coram nobis under the All Writs Act and Rule 60(b). Nonetheless, this new action is in actuality merely a second or successive Section 2255 motion that is subject to specific restrictions. Felker v. Turpin, 518 U.S. 651, 664 (1996) ("The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'"). Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

Reynolds has not shown that he has obtained permission from the Eleventh Circuit to seek further redress. Reynolds cannot simply change the title of the document through which he seeks additional review and escape the preclusion of a second or successive proceeding. See, e.g., Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999) (a

defendant will not be allowed "to use § 2241 simply to escape the restrictions on second or successive § 2255 motions."); Gonzalez v. Sec'y for the Dep't of Corr., 366 F.3d at 1263, 1277 ("This case] concerns the category most frequently seen, which is second or successive § 2255 motions or § 2254 petitions cross-dressed as Rule 60(b) motions. Despite the clothing [the petitioner] put on it, his is not a true Rule 60(b) motion because it does not concern a defect in the earlier § 2255 proceeding which led to the judgment denying relief to [the petitioner]. Stripped to its essence, [the petitioner's] motion attacks the underlying judgment of conviction and sentence itself on grounds not asserted in the prior § 2255 proceeding. . . . Because a petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition, it ordinarily should be dismissed by the district court pursuant to § 2244(b)(4).").

Accordingly, to the extent Reynolds moves pursuant to 28 U.S.C. § 1651 for issuance of a writ, the petition is **DISMISSED**. To the extent Reynolds moves for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure, the motion is **DENIED**. Reynolds' motion for a status report (Doc. 349) is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on April 20, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE